HARRY J. KAPLAN, PROSECUTOR, v. ANGELIQUE REALTY
COMPANY, A CORPORATION OF NEW JERSEY, AND
MORRIS UMANSKY, JUDGE OF THE DISTRICT COURT
OF THE FIRST JUDICIAL DISTRICT OF THE COUNTY
OF HUDSON, DEFENDANTS.

Argued May 7, 1931—Decided May 9, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *George J. Kaplan.*

For the defendants, *Levenson, Comen & Levenson* (*Leo Blumberg,* of counsel).

PER CURIAM.

Kaplan, the prosecutor, obtained this writ of *certiorari* to review a judgment of dispossession obtained by his landlord, Angelique Realty Company, in the District Court of the First Judicial District of the County of Hudson.

The prosecutor's main contention is that three days' notice to quit for non-payment of rent was not given by the landlord. This contention is ill-founded in point of fact. Such notice was given, and we think it sufficient in its terms, even if such notice was required in such case, which we do not stop to consider. In this connection it is contended that the notice does not show who was the landlord. A sufficient answer to that is that the notice stated in effect that the Angelique Realty Company was the landlord. In this connection it is further urged that the landlord's affidavit did

not show service of a demand for rent. We think it did in effect.

The next point made by the prosecutor is that there were defects in the service of the summons. We think that the return shows proper service. Moreover any defect in the service of the summons was immaterial because of the appearance of the prosecutor and his participation in the trial. The record shows that the prosecutor was sworn and testified. The plain implication from the record is that, though he stated he appeared "specially" he abandoned that purpose, and is deemed to have appeared generally and participated in a hearing upon the merits.

It is next said that the judgment should be reversed because no copy of the affidavit was served with the summons. The answer is that the statute does not require it in such an action as this.

The judgment will be affirmed, with costs.